# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 28, 2016

Plaintiff-Appellee,

v

No. 325626
Wayne Circuit Court
LC No. 14-006492-FC

RODNEY DARRELL DAVIS,

Defendant-Appellant.

Before: MURPHY, P.J., and SAAD and BORRELLO, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of armed robbery, MCL 750.529, two counts of felonious assault, MCL 750.82, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to 17 years and 9 months to 40 years' imprisonment for the armed robbery convictions, two to four years' imprisonment for the felonious assault convictions, and two years' imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

On July 14, 2014, two male cousins were robbed at a Detroit gas station after stopping to pump gas for their car. While one of the cousins was inside the gas station, two men had approached the vehicle on foot, and one of the men pointed a gun at the cousin who had remained at the car, demanding his money and cell phone; the victim complied. The other cousin then returned to the vehicle and was promptly robbed of his cash and cell phone. There was testimony that the gun-wielding suspect employed a black, 9 millimeter, semi-automatic handgun. After the robbery was completed, the two perpetrators fled on foot. When the cousins drove after them, the man with the gun fired two or three shots, but did not hit the cousins or their car. On their way home, the cousins inadvertently observed the perpetrators again on the porch of a house a few blocks away from the gas station.

After returning home, one of the cousins activated a security application associated with his stolen cell phone, which allowed him to track the location of his phone. Throughout the rest of the afternoon, the application reported that the cell phone was at various locations, all within a half-mile vicinity of the robbery. The security application also had a feature that took a picture of the person holding the cell phone if the phone's password was entered incorrectly five times. This function was triggered, and the application sent a picture of defendant to the cousin's

-1-

computer. At trial, defendant testified, conceding that it was him in the photograph, but asserting that he had bought the phone earlier, despite believing it to be stolen.

Defendant was arrested the next day, and the arresting officer located a 9 millimeter casing in his pocket. The police asked the cousins to come to the police station to view a lineup, and each of them independently identified defendant as the person that held the gun and demanded their property at the gas station. They also identified defendant again at the preliminary examination and at trial.

Before trial, the prosecution filed a motion in limine under MRE 404(b), seeking to admit other-acts evidence at defendant's trial for purposes of proving defendant's intent, identity, and common plan and scheme. The trial court granted the motion, and the prosecution presented evidence of two other acts at defendant's trial – an earlier attempted robbery of a lone male victim and a previous arrest for possession of a loaded firearm in a motor vehicle.

On appeal, defendant argues that the trial court abused its discretion by admitting the other-acts evidence under MRE 404(b). We find it unnecessary to substantively analyze defendant's appellate argument, given that, assuming an abuse of discretion by the trial court in admitting the evidence, the presumed error was harmless, did not undermine the reliability of the verdict, and did not result in a miscarriage of justice. MCL 769.26; *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999). In view of the overwhelming untainted evidence of guilt, we cannot conclude that it is more probable than not that a different outcome would have resulted but for the assumed error. *Lukity*, 460 Mich at 495.

The version of events testified to by each victim was nearly identical, and it was further supported by video footage from a nearby surveillance camera that was played for the jury. In a police lineup, the cousins separately identified defendant as the perpetrator who brandished the gun at the gas station, followed by consistent identifications of defendant as the assailant at the preliminary examination and trial. Defendant was additionally implicated when the security application on the one cell phone took a picture of him after his unsuccessful attempts to unlock the cell phone. Moreover, one of the cousins had testified that defendant displayed a 9 millimeter handgun at the gas station, there was testimony about defendant firing shots when the cousins followed defendant in their car, and defendant was arrested the next day with a 9 millimeter casing in his pocket. Furthermore, defendant admitted on cross-examination that he had attempted, through a friend, to bribe the victims not to testify against him.[1] Lastly, there was evidence that defendant lived in the vicinity of the gas station, which station was within easy walking distance of his home, and which vicinity corresponded to the location of the tracked movements of the stolen cell phone that had the security application.

---

[1] Clips from jailhouse phone calls made by defendant and played for the jury led to this attempted tampering concession.

In sum, any error by the trial court in admitting the MRE 404(b) evidence was harmless and does not warrant reversal.

Affirmed.

/s/ William B. Murphy
/s/ Henry William Saad
/s/ Stephen L. Borrello